UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL MILLS AND TAMICA RICHARDSON | CIVIL ACTION |
| VERSUS | NO. 06-7066 |
| ALLSTATE INDEMNITY COMPANY, ET AL. | SECTION "R"(2) |

**ORDER**

Before the Court is plaintiffs' motion to remand. For the following reasons the Court DENIES plaintiffs' motion.

I.   BACKGROUND

Plaintiffs Daniel Mills and Tamica Richardson allege that their property was rendered a total loss by Hurricane Katrina. Plaintiffs initially sued Allstate, their homeowner's and flood insurer, and Charles Thomas Agency, the insurance agency which sold them their policies, in Louisiana state court. Plaintiffs contend that they were tendered only approximately $24,000 under their homeowner's policy, which had coverage limits for

substantially more.  Plaintiffs also assert that they were paid only a total of $63,700 under their flood policy after Allstate informed plaintiffs that this amounted to the limits of their flood coverage.  Plaintiffs contend that they purchased a flood policy with coverage limits of $106,200 for dwelling and $20,000 for personal property.  Plaintiffs have sued Allstate under both their homeowner's and flood policies for breach of contract and bad faith under La. Rev. Stat. §§ 22:658 and 12:1220.  Plaintiffs have also asserted state law claims against Thomas, who, like plaintiffs, is a resident of Louisiana.

Defendants removed the action to this Court, asserting that federal jurisdiction was proper under the following provisions: (1) 42 U.S.C. § 4072, exclusive federal jurisdiction for National Flood Insurance Act claims; (2) 28 U.S.C. § 1331, federal question jurisdiction; (3) 28 U.S.C. § 1337, commerce clause jurisdiction; and (4) 28 U.S.C. § 1442, the federal officer removal statute.  Defendants also contend that federal diversity jurisdiction under 28 U.S.C. § 1332 exists because the nondiverse insurance agent was joined improperly.  Plaintiffs have moved to remand to state court.  For the following reasons, this motion is denied.

## II. LEGAL STANDARD

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B. Federal Question Jurisdiction

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal

3

law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This means that the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Because defendants may remove a case to federal court only if the plaintiffs could have brought the action in federal court from the outset, "the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow*, 478 U.S. at 808 (citation omitted).

**III. DISCUSSION**

    **A.   National Flood Insurance Program**

Congress established the National Flood Insurance Program through the National Flood Insurance Act of 1968. *See* 42 U.S.C. §§ 4001, *et seq*. Under the NFIP, the director of the Federal Emergency Management Agency has the authority to use private insurance companies, referred to as Write-Your-Own companies, to help administer the program. The WYO companies directly issue federally underwritten Standard Flood Insurance Policies to the

public.  *See* 42 U.S.C. §§ 4071-72 (creating federal jurisdiction for claims under the National Flood Insurance Act).  No WYO Company has any permission to alter, vary, or waive any provision of an SFIP.  44 C.F.R. Pt. 61.4(b), 61.13(d).  WYO companies defend against claims but FEMA reimburses them for defense costs because WYO companies are fiscal agents of the United States.  44 C.F.R. § 62.23(g), (i)(6); 42 U.S.C. § 4071(a)(1).

**B.   Claims Relating to Handling of a Flood Policy**

The Fifth Circuit recently held that "state law tort claims arising from claims handling by a WYO are preempted by federal law."  *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005).  In accordance with that decision, courts in the Eastern District of Louisiana have found that federal question jurisdiction exists when the plaintiff asserts claims relating to his WYO insurer's handling of his SFIP.  *See, e.g., Bourgeois v. Johnson*, 2007 WL 433483, *2 (E.D. La. Feb. 7, 2007); *Newman v. Allstate Ins. Co.*, 2006 WL 2632116, *2 (E.D. La. Sept. 12, 2006); *Breakthrough Realty Unlimited, LLC v. Minor*, 2006 WL 2224753, at *2 (E.D. La. Aug. 2, 2006).  Conversely, the Fifth Circuit has held that the National Flood Insurance Act does not preempt state law tort claims that arise from policy procurement.  *See Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 (5th Cir. 1993); *see also Cosse v. B.G. Matte*, 2006 WL 1968868, *2 (E.D. La. July 7,

2006); *Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 534-36 (E.D. La. 2006); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497, *3 (E.D. La. Dec. 14, 2004).

Here, plaintiffs allege in their state court petition that "[p]laintiffs were informed by defendant, Allstate, that they would be 'Maxing Out' their flood policy but that their policy had been reduced to $43,700." (R. Doc. 1-2, at ¶ 11). They further contend that they did not request or approve any reduction in the coverage or limit in their flood policy, which, when purchased, allegedly had coverage limits in the amount of $106,200 for dwelling and $20,000 for contents. (*Id.* at ¶¶ 8, 13). Plaintiffs then assert that defendants' "action in improperly reducing plaintiffs' *flood policy* has caused plaintiffs to be under paid by $62,500." (*Id.* ¶ 16) (emphasis added). Thus, plaintiffs essentially argue that Allstate acted in bad faith when it breached the terms of plaintiffs' existing flood policy.

Because these allegations are against plaintiffs' WYO insurer and arise from the administration of their flood policy, not from the procurement of their policy, the Court concludes that federal question jurisdiction exists over at least some of plaintiffs' state law tort claims. As such, the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over

the remainder of plaintiffs' state law claims in this action because they arise out of the same common nucleus of operative facts as plaintiffs' SFIP claims.

### C. Defendants' Other Grounds for Removal

Because the Court finds that it has federal question jurisdiction, the Court need not address defendants' alternative theories for why federal jurisdiction is appropriate in the matter.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand.

New Orleans, Louisiana, this  9th  day of March, 2007.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

7